

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Tucker
Executive Secretary
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-5556
Re: Hunting fur-bearing
animals, raccoon and
opossum, by the aid
of headlight, or arti-
ficial light, etc.

Your letter dated August 16, 1943, requesting
an opinion by this department concerning the above matter
reads, in part, as follows:

"Article 902, Penal Code of the State
of Texas provides that:

"'It shall be unlawful for any person
at any time of the year to hunt deer or
any other animal or bird protected by this
chapter, by the aid of what is commonly
known as a headlight, or hunting light,
or by artificial light attached to an auto-
mobile, or by the means of any form of arti-
ficial light.'

"The question has been asked us as to
whether this Article prohibits the hunting of
fur bearing animals such as Raccoon and opossum
with the aid of artificial light and whether any
Statutes of this State so prohibit the hunting
of fur bearing animals with an artificial light."

Honorable Wm. J. Tucker, page 2

Articles 902, 892 and 925m, Penal Code, in full, read as follows:

"Art. 902. Hunting with headlight.  It shall be unlawful for any person at any time of the year to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as a headlight or hunting-lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light. Any person violating any of the provisions of this article shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum of not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars, or by confinement in the county jail for not less than thirty (30) days nor more than ninety (90) days, or by both such fine and imprisonment.  The possession of a headlight, or any other hunting light used on or about the head when hunting at night, between sunset and one-half hour before sunrise, by any person hunting in a community where deer are known to range, shall be prima facie evidence that the person found in possession of said headlight, or other hunting light, is violating the provisions of this article."

"Art. 892. Certain animals declared to be game animals. Wild deer, wild elk, wild antelope, wild Rocky Mountain sheep, wild black bear, and wild gray and red squirrels, cat squirrels or fox squirrels, are hereby declared to be game animals within the meaning of this Act."

"Art. 925m. Fur bearing animals defined. All the fur-bearing animals of this State are hereby declared to be the property of the people of this State.  For the purposes of this Act, wild beaver, wild otter, wild mink, wild ringtail cat, wild badger, wild polecat or skunk, wild raccoon, wild muskrat, wild o'possum, wild fox and wild civet cat are hereby declared to be fur-bearing animals.  (Acts 1925, 39th Leg., ch. 177, p. 434, § 1)"

Honorable Wm. J. Tucker, page 3

The statutes contain numerous provisions regulating or prohibiting certain modes of hunting, such as with dogs, guns, nets, traps and snares, automobiles, airplanes or boats, and with headlights or hunting lamps. It will be noted that Article 902, of the Penal Code, provides, in part:

"It shall be unlawful for any person at any time of the year to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as headlight or hunting lamp, or by artificial light attached to an automobile or by the means of any form of artificial light." (Emphasis ours)

Article 902 is contained in Chapter 6 of the Revised Criminal Statutes of Texas, 1925; Article 923m is not contained in said chapter, although it is contained in Chapter 6 of Vernon's Annotated Criminal Statutes. The Revised Criminal Statutes of 1925 is an official publication. Vernon's Annotated Criminal Statutes is not an official publication, therefore, the statutes in the official publication would govern or control. As Article 923m is not contained in Chapter 6 of the official publication of the Revised Criminal Statutes, 1925, it is our opinion that Article 902 does not prohibit the hunting of fur-bearing animals such as raccoon and opossum with the aid of artificial light. In other words, fur-bearing animals are not protected by Chapter 6 of the official publication, the Revised Criminal Statutes, 1925, although they are protected by various other statutes not contained in said Chapter 6 of the official publication of the Revised Criminal Statutes of 1925.

You further ask whether any statutes of this State prohibit the hunting of fur-bearing animals with an artificial light. There is no general statute that we have been able to find which prohibits the hunting of fur-bearing animals with the aid of an artificial light, however, as stated above, the hunting of fur-bearing animals such as raccoon and opossum is not prohibited by Article 902, therefore, the hunting of such animals by the aid of an artificial light is not unlawful under the general statutes. We have not examined the numerous special or local laws regarding fur-bearing animals and express no opinion on any local or special game law.

APPROVED OCT 14, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BWB
CHAIRMAN

AW:EP